PAUL E. STREETS AND PATRIKIA A. STREETS *v.* M.G.I.C. MORTGAGE CORPORATION AND ASSOCIATES FINANCIAL SERVICES COMPANY OF INDIANA, INC.

[No. 1-278A37. Filed August 7, 1978. Rehearing denied August 31, 1978. Transfer denied January 10, 1979.]

*John D. Blumenthal,* of Indianapolis, for Amicus Curiae[1] Legal Services Organization of Indiana, Inc., *Jon R. Pactor,* of Indianapolis, for Appellant.

*William R. Richards, P.C.,* of Indianapolis, for appellee.

---

1.   The participation of Amicus Curiae in this appeal is limited solely to the question whether the trial court erred in holding that disclosure violations under the federal Truth in Lending Act and the Uniform Consumer Credit Code could not be asserted as a defense or recoupment after the expiration of the one year statute of limitations.

ROBERTSON, J.— Plaintiff-appellee, M.G.I.C. Mortgage Corporation (MGIC) filed an action against defendants-appellants Paul and Patrikia Streets (Streets) to foreclose a first mortgage on the Streets' home. Defendant-appellee Associates Financial Services Company of Indiana, Inc., (Associates) was the holder of a second mortgage on the home and was also named as a party defendant. Associates filed a cross-claim against Streets to foreclose the second mortgage, and Streets filed a cross-claim against Associates and a counterclaim against MGIC alleging certain consumer credit disclosure violations. Streets now appeal from a denial of their motion to correct errors.

The Streets have raised the following issues for review:

1. Is the loan to Streets void because MGIC failed to obtain a license in violation of IC 1971, 24-4.5-3-203 and 24-4.5-5-202?

2. Did the trial court err by holding that the Streets were in default on their note and mortgage?

3. Is the acceleration clause in the MGIC mortgage and note conconscionable and therefore void?

4. Did MGIC and Associates violate the disclosure requirements of the federal Truth in Lending Act (Act) 15 USC 1601 *et seq.*, Regulation Z, 12 CFR 226.1 *et seq.*, and the Uniform Consumer Credit Code (UCCC) as adopted in Indiana, IC 1971, 24-4.5-1-1, *et seq.*?

5. Did the trial court err in holding that the Streets' claims for disclosure violations were barred by the one year statute of limitations?

6. Did the trial court err in awarding $2,000 in attorney's fees to Associates?

In December, 1972, Streets negotiated a loan with James Financial Corporation (James) for the purchase of a home. The mortgage and note from that transaction were then assigned by James to MGIC in March, 1973. Streets became delinquent in their monthly payments in early 1975, and MGIC then instituted its foreclosure action.

Trial to the court was held on the prayers for foreclosure by MGIC and Associates and the disclosure violations alleged by Streets. The trial court ruled that Streets were in default in their payments to MGIC, that proper disclosures were made by MGIC, that the acceleration pro-

visions in the note and mortgage were valid, and that Streets' "set-off" for disclosure violations was barred by the one year statute of limitations. It further held, however, that MGIC failed to give proper notice of default and therefore could not accelerate the balance still due and owing on the note and mortgage. Because of this, the trial court denied MGIC the right to foreclose in that action, and MGIC has not appealed that decision. As for the cross-claim of Associates, the court ruled that Associates made the proper disclosures, that Streets' counterclaim (cross-claim) for disclosure violations was barred by the one year statute of limitations, and ordered a foreclosure and sale of the property based on Associates' second mortgage. Associates was also awarded $2,000 in attorney's fees. Streets' claim for the statutory penalties, costs, and attorney's fees for the alleged disclosure violations was denied.

Streets first argue that MGIC admitted that it neither held a license nor was a supervised financial organization and was therefore without authority to take an assignment of and enforce a consumer loan under the terms of the UCCC, IC 1971, 24-4.5-3-502 and IC 1971, 24-4.5-5-202 (2). Because of this, Streets argue that the loan is void.

This argument is without merit, however, for the provision voiding certain loans for the failure to obtain a license found in IC 1971, 24-4.5-5-202 (2) applies only to "consumer loans" as defined in the UCCC. By the terms of IC 1971, 24-4.5-3-105, a loan which is secured primarily by an interest in land and which does not have an annual interest rate in excess of 10 percent [10%] generally will not constitute a consumer loan for purposes of the UCCC licensing requirement:

24-4.5-3-105. Unless the loan is made subject to this article [24-4.5-1-101 — 24-4.5-6-203] by agreement (24-4.5-3-601), and except with respect to additional charges (24-4.5-3-202), disclosure (24-4.5-3-301) and debtors remedies (24-4.5-5-201), "consumer loan" does not include a "loan primarily secured by an interest in land," if at the time the loan is made the value of this collateral, less prior liens, is substantial in relation to the amount of the loan, and the loan finance charge does not exceed ten percent [10%] per year calculated according to the actuarial method on the unpaid balances of the principal on the assumption that the debt will be paid according to the agreed terms and will not be paid before the end of the agreed term; for the purpose of calculating the rate of the loan

finance charge, non-periodic charges made at the inception of the loan which are included in the loan finance charge shall be amortized over the agreed term of the loan.

The above statute was designed to exclude the ordinary first mortgage on residential property from the majority of the UCCC provisions. This is precisely the type of loan made by MGIC in this case. Streets' argument that the MGIC mortgage loan is not a loan primarily secured by an interest in land because the note provided for the usual escrow account and mortgage guaranty insurance is totally spurious and is underserving of further comment. There was sufficient evidence to support a finding that the loan in this case met all the requirements of IC 1971, 24-4.5-3-105, was not a "consumer loan" for purposes of IC 1971, 24-4.5-3-502 and IC 1971, 24-4.5-5-202 (2), and therefore was not void because of MGIC's failure to obtain a UCCC license.

Streets next argue that the trial court should not have found them to be in default merely because they were delinquent in their monthly payments by several months. However, Streets have cited no authority and have presented no cogent argument to explain to this Court the difference between being in default and being delinquent in the monthly payment specified by the note and mortgage. The trial court's finding of default was not erroneous.

Streets next argue that the acceleration clause in the loan note should be declared unconscionable and therefore void and unenforceable. They offer a rather convoluted argument in support of this contention, including assertions that the acceleration clause constituted a forfeiture and a penalty, and that a lender should not be allowed to foreclose without collecting on the mortgage guaranty insurance policy.

A provision in a mortgage or note which allows acceleration of the entire debt upon a default or breach of the term or mortgage or note does not of itself constitute a penalty or forefeiture and does not violate public policy. Such a provision is enforceable both in this state, *Kerbaugh v. Nugent* (1911), 48 Ind.App. 43, 95 N.E. 336, and also as a general rule:

The proposition is accepted without dispute that a stipulation in a mortgage providing that the whole debt secured thereby shall become due and payable upon failure of the mortgagor to pay the

interest or any installment of principle upon the maturity thereof, or to comply with any other condition of the mortgage, is a legal, valid, and enforceable stipulation, and is not in the nature of a penalty or forfeiture which a court of equity will refuse to enforce.

55 Am.Jur.2d *Mortgages* § 371 (1971).

It is true that a court of equity has the power to relieve a mortgagor from the consequences of an acceleration clause when, under the facts of a particular case, it is found to be unconscionable or fraudulent, or if the mortgagee is guilty of grossly inequitable conduct, etc. 55 Am.Jur.2d *Mortgages* § 375 (1971). In the present case, however, there are no facts which would justify finding that the acceleration clause is unconscionable. The acceleration clause in the mortgage required that a notice of default be mailed to Streets advising them of the breach, the action necessary to cure that breach, and that the Streets be given a period of time not less than thirty days in which to cure the breach. Furthermore, the trial court refused to allow an acceleration and foreclosure in this case because of the failure of MGIC to adhere to these requirements. There was no error in finding that the acceleration clause in this case was not unconscionable and void.

Streets' other argument that MGIC must first collect on the mortgage guaranty insurance policy is clearly without merit.

Streets contend that the trial court was in error in finding that MGIC and Associates did not violate the disclosure provision of the Act and the UCCC and that Streets' claims for these disclosure violations were barred by the one year statute of limitations.

The Act provides that any creditor who fails to make proper disclosures in a consumer credit transaction may be liable to the consumer in a civil action instituted by that consumer for a monetary penalty of up to $1,000, costs, and attorney's fees. 15 USC 1640(a), Regulation Z, 12 CFR 226. However, it is also provided in 15 USC 1640(e) that a civil action to enforce this penalty must be instituted within one year from the date of the violation. A similar provision for a civil action by a consumer and one year limitation period is contained in IC 1971, 24-4.5-5-203 (2) and (5). Because more than one year had elapsed since the date of the alleged disclosure viola-

190

tions, the trial court ruled that Streets' counterclaim and set-off were barred by the one year limitation.

Under the terms of Indiana Rules of Procedure, Trial Rule 13(J), a party is not prohibited from setting up a claim which is barred by a statute of limitations where that claim arises from the same transaction to the extent it defeats the plaintiff's claim:

The statute of limitations, a nonclaim statute or other discharge at law shall not bar a claim asserted as a counterclaim to the extent that

(1) it diminishes or defeats the opposing party's claim if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, or if it could have been asserted as a counterclaim to the opposing party's claim before it (the counterclaim) was barred; . . .

As for the alleged UCCC violation, it is specifically provided in IC 1971, 24-4.5-5-205, and was so held in *Holmes v. Rushville Production Credit Corporation* (1976), 170 Ind. App. 509, 355 N.E.2d 417 (opinion on rehearing), that refunds or penalties allowed under the provisions of the UCCC may be used as a defense or set-off by the debtor notwithstanding the expiration of the one year limitation period.

We feel the better reasoned cases from other jurisdictions have also reached the conclusion that a claim for disclosure violations under the Act should not be barred when raised as a defense to the lender's action on a loan. *Termplan Mid-City, Inc. v. Laughlin* (La. App. 1976), 339 So.2d 952; *Continental Acceptance Corp. v. Rivera* (1976), 50 Ohio App. 2d 338, 363 N.E.2d 772; *Wood Acceptance Co. v. King* (1974), 18 Ill.App. 3d 149, 309 N.E.2d 403.

Streets' claim in this case for the disclosure violations arises from the same transaction — the note and mortgage — as MGIC's claim. The trial court therefore erred by finding that Streets could not assert the alleged disclosure violations as a set-off or recoupment under TR. 13(J). However, because of the bar of the one year limitation, Streets could only assert their claim as a defense or recoupment against the claim of MGIC, and they may not have an affirmative recovery for the statutory penalty, costs, and attorney's fee. *See*

*Sears Roebuck and Company v. Reese* (La.App. 1977), 347 So.2d 853; *Continental Acceptance Corp. v. Rivera, supra.* Therefore, because the trial court refused to allow MGIC to foreclose on the note and mortgage, we need not decide whether MGIC did in fact violate the disclosure requirements of the Act and the UCCC.

Streets have raised six alleged disclosure violations against Associates. Because Associates did recover on its claim for relief against Streets, we must examine the alleged violations to determine if Streets are entitled to a set-off of the statutory penalty.

They first argue that Associates failed to print the annual percentage rate of the loan more conspicuously than the other terms on the disclosure sheet as required by 12 CFR 226.6(a). However, the term "annual percentage rate" is printed in full capitals and in dark type in a conspicuous position on the disclosure sheet, thereby satisfying the requirements of the above regulation. Although it is true that the printed percentage sign is extremely small, we feel that the interest rate has been conspicuously and effectively identified so as to satisfy the applicable regulatory requirements.

Streets next argue that Associates violated 12 CFR 226.8(b)(4) which requires disclosure of delinquency charges by failing to mention the acceleration provision on the disclosure sheet. An acceleration clause, however, is not a late payment or delinquency charge contemplated by the regulation, and disclosure is therefore not required by that regulation. It is also not a type of security interest to be disclosed under 12 CFR 226.8(b)(5) as is argued by Streets.

Associates is next charged with failing to place the required disclosures in a clear, conspicuous, and meaningful sequence as required by 12 CFR 226.6. The only evidence of this violation argued by Streets, however, is the diminutive size of the percentage sign without any further explanation of the alleged deficiencies. The Streets, therefore, have failed to prove any violation under this section of Regulation Z.

Streets also argue that Associates failed to itemize or describe each amount included in the finance charge, failed to give a description of each amount included in the amount financed, and failed to briefly describe other charges. However, Streets have not demonstrated what

items, amounts, or descriptions were deleted and have therefore waived these errors. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7).

Streets lastly argue that the award of attorney's fees to Associates was improper. They contend that (1) Associates did not prove that their attorneys were not salaried employees as required under IC 1971, 24-4.5-3-404; (2) the award of fees is not supported by sufficient evidence; and (3) the amount of the award was excessive.

As to Streets' first contention, it is true that IC 1971, 24-4.5-3-404 provides that a provision for attorney's fees in a "consumer loan" transaction may not require attorney's fees to be paid to a salaried employee of the lender. However, even if we were to assume that Streets' mortgage loan was a "consumer loan" for purposes of this statute, Streets had a duty to raise this issue as an affirmative defense, which they failed to do. In any event, there is no evidence in this case that would even imply that Associates' attorneys were salaried employees.

As for Streets' latter contentions, Associates introduced testimony to show that a reasonable charge for like services would be a contingent fee of one-third of the final judgment. This is sufficient to sustain the trial court's award of fees which equaled one-third of the judgment rendered in favor of Associates and against Streets. The reasonableness of attorney's fees lies within the discretion of the trial judge, and his decision will be reversed on appeal only when an abuse of that discretion is shown. *In re Meyer's Estate* (1966), 139 Ind.App. 649, 215 N.E.2d 556; *Marshall v. Russell R. Ervin, Inc.* (1972), 152 Ind.App. 171, 282 N.E.2d 841. Streets have shown no abuse of discretion in this case.

Judgment affirmed.

Lybrook, P.J. and Lowdermilk, J. concur.

NOTE — Reported at 378 N.E.2d 915.