**Carl LEIBOWITZ, Defendant-Appellant,**

v.

**Richard MOORE and Helen Moore, Plaintiffs-Appellees.**

No. 3–1083A326.

Court of Appeals of Indiana, Third District.

May 23, 1985.

J. David Keckley, South Bend, for defendant-appellant.

Max K. Walker, Jr., Slabaugh, Cosentino, Walker & Shewmaker, Elkhart, for plaintiffs-appellees.

GARRARD, Judge.

This is the second appeal in this action concerning the award of attorney fees after the entry of a default judgment on a promissory note.

The first appeal resulted in remand for the determination of a reasonable attorney's fee. *Leibowitz v. Moore* (1982), Ind. App., 436 N.E.2d 899 (Hoffman, J. dissenting).

At the ensuing hearing plaintiffs' counsel testified that he had spent a total of seven hours and twenty minutes on the

case prior to commencing suit and that he had charged Moores sixty dollars per hour for this work. He states that from commencement of suit to the date of judgment he spent another six hours and forty minutes and that this work was performed on a contingent fee basis. He noted a legal problem at the outset because the original note, which had apparently been replaced, was payable in one hundred twenty days with interest at 25% of the principal for the one hundred twenty days. He could not remember whether his contingent fee was to be 25% or 33⅓%. No other attorneys familiar with practice in the community were called to give an opinion as to a reasonable fee.

The foregoing is the substance of the evidence presented. The court again entered judgment for $10,000 attorney fees. On appeal Moores defend this award as being a 25% contingent fee, which we agree it apparently was.

It is true that in *Arnold v. Dirrim* (1979), Ind.App., 398 N.E.2d 426 this district approved of considering a percentage of the recovery together with other factors in determining attorney fees in a class action. Moreover, in *Streets v. M.G.I.C. Mortgage Corp.* (1978), 177 Ind.App. 184, 378 N.E.2d 915 the First District apparently approved a contingent fee basis for setting attorney fees in a mortgage foreclosure action.

Subsequent to these decisions, and after the hearing herein, in *Waxman Industries, Inc. v. Trustco Development Company* (1983), Ind.App., 455 N.E.2d 376 and again in *Berkemeier v. Rushville National Bank* (1984), Ind.App., 459 N.E.2d 1194 the First District expressly addressed the question of whether a contingent fee agreement could serve as the measure of recovery for a claim for (reasonable) "attorneys fees." Judge Neal noted that the incentive for attorneys in such cases is that if they win and collect they will recover *more* than the reasonable value of their time and effort, and that contingent fee agreements will not be implied in law. Concluding that such agreements were sus-

ceptible to abuse if enforceable against non-agreeing promisors on notes and contracts, the court unanimously held that they could not be used as the basis for determining a reasonable attorney fee to be paid by a non-party to the fee agreement.

We believe these cases were correctly decided and we hereby adopt this reasoning.

Accordingly, the judgment awarding attorney fees is reversed and the cause is remanded for further proceedings consistent herewith.

Reversed and remanded.

STATON, P.J., and HOFFMAN, J., concur.