Carl LEIBOWITZ, Defendant-Appellant,

v.

Richard MOORE and Helen Moore, Plaintiffs-Appellees.

No. 3–1083A326.

Court of Appeals of Indiana, Third District.

July 30, 1985.

J. David Keckley, South Bend, for defendant-appellant.

Max K. Walker, Jr., Slabaugh, Cosentino, Walker & Shewmaker, Elkhart, for plaintiffs-appellees.

GARRARD, Judge.

Appellees have timely petitioned for rehearing urging that we erred in determining that a contingent fee agreement may not be used to fix the reasonable attorney's fees recoverable in a suit upon a promissory note, 477 N.E.2d 946.

*Inter alia* their petition asserts we neglected to fully review the record because we stated that no attorneys had been called to testify after the original remand, when in fact this was not so.

When the case was remanded the first time the trial judge set the question of attorney fees for an evidentiary hearing as required by our first decision. At this hearing Moores' counsel testified to the services he had performed, that he had entered into a contingent fee agreement with his clients to handle the case, and that he was using the contingent fee agreement as the basis of the fee he was seeking.

In addition, Charles Grodnik, a lawyer practicing in Elkhart, was called. Mr. Grodnik essentially testified that contingent fee arrangements were common in collection matters and he considered them reasonable and desirable from the creditor's point of view where it appeared collecting a judgment would be a problem. He was not asked on direct examination for an opinion of the reasonable value of the

services performed by Moores' attorney. On cross examination he explained that in his opinion the contingent fee was *not* the fair market value of the services extended in obtaining the judgment, but represented a reasonable fee to secure the judgment and collect it. Mr. Grodnik did not at any point offer an opinion as to the reasonable monetary value of the services performed.

In our decision in this appeal, endeavoring merely to distinguish between the contingent fee sought by counsel and conventional *quantum meruit* evidence of the reasonable value of the services performed by counsel, we merely reported that, "[n]o other attorneys familiar with practice in the community were called to give an opinion as to the reasonable fee."

While we maintain that the statement is not inaccurate, we agree with the petitioners that it is perhaps misleading as to what transpired.

Accordingly, we supplement our opinion with the recitation of additional facts contained herein.

In all other respects, the petition for rehearing is denied.

STATON, P.J., and HOFFMAN, J., concur.