**VALPARAISO TECHNICAL INSTITUTE, INC., Appellant–Defendant,**

v.

**PORTER COUNTY TREASURER, Appellee–Plaintiff.**

No. 64A04–9601–CV–9.

Court of Appeals of Indiana.

Feb. 27, 1997.

Duane W. Hartman, Margaret M. Loitz, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellant-defendant.

Steven W. Handlon, Margaret A. Williford, Handlon & Handlon, Portage, for appellee-plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Valparaiso Technical Institute, Inc. (the "Institute") appeals from an award of attorney's fees in favor of the Porter County Treasurer (the "Treasurer"). The trial court entered judgment against the Institute for

delinquent real property taxes, penalties and interest in the amount of $28,758.17, plus a "contingent fee" for the Treasurer's attorney equal to one-third (1/3) of the judgment.

We reverse and remand.

## ISSUE

The issue presented is whether the award of a "contingent fee" equal to one-third of the underlying judgment was a reasonable attorney's fee when added to the judgment against the delinquent taxpayer.

## FACTS

In 1995, the Treasurer filed a complaint against the Institute to recover delinquent real property taxes, penalties, prejudgment interest, reasonable attorney's fees and court costs based on unpaid taxes due and payable in 1993 and 1994. The parties stipulated that the taxes and penalties owed were $24,191.00. The trial court calculated interest at the rate of eight percent, equal to $4,567.17, for a total amount due of $28,758.17. The case was then submitted to the court only on the issue of attorney's fees.

The attorney for the Treasurer testified that he had practiced law since 1972 and was experienced in collection matters. In addition to the Treasurer, his firm regularly represented a bank, medical professionals and businesses in collection matters. As an attorney formerly representing the Indiana Department of Revenue, he had managed a very large caseload and developed a comprehensive tax collection system now used by Department of Revenue collection attorneys throughout the state.

The Treasurer referred its tax collection cases to the attorney's firm in bulk so that cases were not reviewed or screened in advance. The attorney testified that approximately twenty-five percent of the Treasurer's cases did not result in collection, and in those cases no attorney's fees were paid. In about one-half of the remaining Treasurer's cases, the firm did not realize fees equivalent to its customary hourly rates, and in the other half it recovered fees in an amount equal to or greater than its customary hourly rates.

The Treasurer's attorney then testified concerning the tax collection system he and his partner had designed to manage approximately 1,000 real property tax collection files for the Treasurer. He described the start-up costs, monthly overhead and staffing required to organize and maintain the system. He also described each step of work performed on the typical case from its inception to conclusion. The attorney estimated that he and his partner had spent approximately ten hours on the present case which, at their usual hourly rates, would merit a fee of $1,600.00. The Treasurer's attorney testified that a contingent fee equal to one-third of the underlying judgment, added to the judgment, was appropriate.

The court also heard testimony from the attorney for the Institute concerning his collection practice. He stated that both hourly and contingent fee arrangements are used in collection work. However, where attorney's fees are to be awarded, it is his policy to calculate the fees according to hourly rates and to add that amount to the judgment. When the client contract provides for a contingent fee, he collects one-third of the entire recovery.

The trial court made Findings of Fact concerning the attorney's experience in collection matters, his capital and overhead expenses, the systematic procedures he developed and followed in collection cases, the inability of the attorney's firm to accept other employment due to time devoted to the Treasurer's collections, and the percentage of cases which lead either to no collection or to a fee below the customary hourly rate. The court then made the following Conclusions of Law:

1. A one-third (1/3) contingent fee is a standard and customary fee in the collection practice of law.

2. A one-third (1/3) contingent fee is reasonable in this case.

Based upon these findings and conclusions, the court ordered the Institute to pay $9,586.06 in attorney's fees. This sum represented one-third of the delinquent taxes, penalties and interest and was added to the underlying judgment of $28,758.17, for a total

judgment of $38,344.23. The Institute appeals from the attorney's fees award.

## DISCUSSION AND DECISION

### Standard of Review

The trial court entered special findings pursuant to Indiana Trial Rule 52(A), and this court may not set aside the judgment unless clearly erroneous. Ind. Trial Rule 52(A); *Quillen v. Quillen,* 671 N.E.2d 98, 102 (Ind.1996). When the trial court has made special findings of fact, its judgment is clearly erroneous only if its findings of fact do not support its conclusions of law or its conclusions of law do not support its judgment. *Quillen,* 671 N.E.2d at 102.

We have applied a similar standard of review to attorney's fees. The amount of attorney's fees awarded is within the trial court's sound discretion, and we will reverse only where an abuse of discretion is apparent. *Stepp v. Duffy,* 654 N.E.2d 767, 775 (Ind.Ct.App.1995), *trans. denied.* An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180 (Ind.1993). Where the amount of the fee is not inconsequential, there must be objective evidence of the nature of the legal services and the reasonableness of the fee. *Posey v. Lafayette Bank and Trust Co.,* 583 N.E.2d 149, 152 (Ind.Ct. App.1991), *trans. denied.*

### Attorney's Fees Award

The Institute asserts that the trial court erred when it determined that $9,586.06 constituted a reasonable attorney's fee in this case. Specifically, the Institute contends that it cannot be charged with a contingent fee when it was not a party to a contingent fee agreement and that the court erred when it based the attorney's fee award upon the attorney's entire collection practice rather than upon the work required to handle this particular case. We agree.

■ The Treasurer was entitled to a money judgment against the Institute which included reasonable attorney's fees under the following statutory provision:

A person who is liable for property taxes under I.C. 6–1.1–2–4 is personally liable for the taxes and all penalties, costs, and collection expenses, *including reasonable attorney's fees* and court costs, resulting from late payment of the taxes.

IND. CODE § 6–1.1–22–10(a) (emphasis added). Our Rules of Professional Conduct provide a non-exclusive list of factors to be considered when determining the reasonableness of a fee. These include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Ind. Professional Conduct Rule 1.5. While these factors provide useful guidelines to determine the reasonableness of an award of attorney's fees, evidence is not required on each factor. *Posey,* 583 N.E.2d at 152. When there is no prior contract for contingent fees, subsection (8) of the Rule, whether the fee is fixed or contingent, is inapplicable to the consideration of fees. *See Waxman Indus., Inc. v. Trustco Dev. Co.,* 455 N.E.2d 376, 382 (Ind.Ct.App.1983) (in context of Code of Professional Responsibility, superseded by Rules of Professional Conduct, effective January 1, 1987).

### "Contingent Fee" Absent Prior Agreement

■ Here, the Porter County Treasurer employed the attorney, but the record does not include the terms of employment; therefore, we cannot determine whether the con-

tingent fee sought by the attorney was based on a prior agreement.[1] A "contingent fee" is defined as an "[a]rrangement between attorney and client whereby attorney agrees to represent client with compensation to be a percentage of the amount recovered...." BLACK'S LAW DICTIONARY 614 (6th ed. 1990).[2] A true "contingent fee" has two components: (1) payment is contingent on the outcome, and (2) the fee is a percentage deducted from the client's recovery. Here, while payment of the attorney's fee was contingent upon the Treasurer's receipt of the delinquent taxes, penalties and interest, the fee was added to the judgment rather than deducted from the recovery. Thus, use of the term "contingent fee" in this case is only partially correct.

■ Indiana courts recognize the freedom of parties to enter into contracts and presume that contracts represent the freely bargained agreement of the parties. *Fresh Cut, Inc. v. Fazli*, 650 N.E.2d 1126, 1129 (Ind.1995). This reflects the principle that it is in the best interest of the public not to restrict unnecessarily the freedom to contract. *Id.* Accordingly, Indiana has adhered to the rule that contracting parties may enter into any agreement they desire so long as it is not illegal or contrary to public policy. *Pigman v. Ameritech Publ'g, Inc.*, 641 N.E.2d 1026, 1029 (Ind.Ct.App.1994), *reh'g denied*, 650 N.E.2d 67 (Ind.Ct.App.1995). A contingent fee agreement in a collection case that is the product of a bargain between the attorney and client is presumed to be reasonable as between them. *See Waxman Indus.*, 455 N.E.2d at 380 (contingent fee contract generally is binding between attorney and client). Where such a fee is subtracted from the amount recovered, the third-party debtor

is unaffected by the fee agreement. However, it is an entirely different matter when the fee is added to the judgment against the debtor. In that instance the debtor has a direct pecuniary interest in how the fee is determined. Thus, a one-third contingent fee that is reasonable when deducted from a client's recovery may be unreasonable when added to a debtor's judgment.

■ Our court has recognized that contingent fee agreements will not be implied in law even when a contracting party had agreed to pay reasonable attorney's fees upon default. *See Berkemeier v. Rushville Nat'l Bank*, 459 N.E.2d 1194 (Ind.Ct.App. 1984) (note and mortgage contract); *accord Leibowitz v. Moore*, 436 N.E.2d 899 (Ind.Ct. App.1982), *appeal after remand*, 477 N.E.2d 946 (Ind.Ct.App.1985), *modified*, 480 N.E.2d 607 (Ind.Ct.App.1985) (promissory note); *Waxman Indus.*, 455 N.E.2d 376 (lease agreement); *Lake County Trust Co. v. Gainer Bank N.A.*, 555 N.E.2d 1356 (Ind.Ct.App. 1990) (real estate purchase agreement), *trans. denied.* In *Waxman Industries*, we reasoned:

> [A] contingent fee, even between an attorney and his client, is not enforceable unless it is founded upon a prior agreement. It then follows inexorably that a contingent fee contract of the obligee on an instrument with his attorney cannot be enforced against the party obligor who has merely agreed in the instrument to pay a "reasonable attorney fee" for the fundamental reason that the obligor has never agreed or has never even been consulted concerning the arrangement.

*Waxman Indus.*, 455 N.E.2d at 381. Thus, without other objective evidence of reason-

---

1. The dissent posits that if the attorney is not allowed to recover a full one-third contingent fee, the Treasurer will be required to use property tax funds to pay for the shortfall. Nothing in the record supports the conclusion that the Treasurer would be obligated to supplement the attorney's fee award included in the judgment. In any event, it is the court's responsibility, not the Treasurer's, to determine what constitutes a reasonable attorney's fee chargeable to the delinquent taxpayer on a case-by-case basis.

2. The typical contingent fee arrangement involves a private contract between the attorney and the client who agree to share the risk and reward of obtaining and recovering on a settle-

ment or judgment. Indiana Professional Conduct Rule 1.5 addresses such an agreement. It provides in part:

> A fee may be contingent on the outcome of the matter for which the service is rendered.... A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated.

Prof. Cond. R. 1.5(c).

ableness, a contingent fee cannot be added to a judgment against a third party.

In considering the reasonableness of an attorney's fee, it makes no difference whether the obligation to pay the fee is based on a statutory provision or on a prior agreement. Here, the court concluded that "[a] one-third (1/3) contingent fee is a standard and customary fee in the collection practice of law." While that conclusion may well be true as a general matter, it cannot in itself support the contingent fee awarded in this case where the fee was added to the judgment against a third party.

**Objective Evidence of Reasonableness**

■ Here, the court awarded the Treasurer's attorney a fee of $9,586.06, nearly $960.00 for each of the ten hours of labor expended on the case. The Treasurer argues that "[a] contingent fee can be appropriate, in order that *total* compensation is reasonable in light of *total* efforts." Brief of Appellee at 26 (emphasis in original). In support of its position, the Treasurer offers evidence regarding the attorney's start-up costs, monthly overhead and time devoted each week to collection activity on behalf of the Treasurer.

The trial court entered extensive findings concerning the attorney's capital and overhead expenses, total time spent on the Treasurer's collections and the percentage of cases on which the attorney recovers a fee. The court then concluded that "[a] one-third (1/3) contingent fee is reasonable in this case." However, the Findings of Fact, which are based on the attorney's cost to create and maintain his real property tax collection practice, do not support the court's conclusion that the fee is reasonable in this particular case.

Indiana Code § 6–1.1–22–10(a) provides that a person who is liable for property taxes is personally liable for reasonable attorney's fees resulting from late payment of the taxes. I.C. § 6–1.1–22–10(a). The statute treats the delinquent taxpayer as an individual. Thus, a reasonable attorney's fee means a fee that is reasonable in relation to the matter involving the individual delinquent taxpayer, not a fee that is reasonable taking the whole class of delinquent taxpayers into account.

■ We hold that an award of attorney's fees under Indiana Code § 6–1.1–22–10(a) must bear a reasonable relationship to the cost of delinquent real property tax collection in the case at hand. One delinquent taxpayer should not be required to subsidize an attorney's costs for collection work attributable to other delinquent taxpayers. The trial court erroneously awarded attorney's fees grossly disproportionate to the amount of work actually required to collect from the Institute. The award of an attorney's fee as a percentage of a money judgment against a third party for collection of delinquent real property taxes is not per se unreasonable. However, it is unreasonable where, as here, the amount of the fee added to the judgment against a third party is based on the capital and overhead of the attorney's real property tax collection practice as a whole rather than on objective evidence of the reasonable value of the legal services required to collect the delinquent taxes, penalties and interest at issue.

The trial court abused its discretion when it awarded attorney's fees in the amount of $9,586.06. We reverse, remand and instruct the trial court to award reasonable attorney's fees commensurate with this particular judgment.

Reversed and remanded.

DARDEN, J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. The majority opinion concludes that a contingent fee cannot be imposed upon a third party without prior agreement and that the fee imposed here was unreasonable. I would agree in the context of private matters, where the collection agreement fees are between three willing interests, for instance: lender, borrower, and the collecting attorney. In a matter of delinquent tax collection, other interests are involved: treasurer, collecting attorney, delinquent taxpayer, and timely taxpayer. I decline to follow the *Leibowitz, Berkemeier,* and *Waxman* line of cases cited by the majority in a matter of delinquent tax collection.

In the tax collection case, the unwilling lenders are those taxpayers who have paid their taxes on time. By requiring the treasurer to use property tax funds to pay part of the delinquent tax collection attorney's fees it would, in effect, force the timely taxpayer to pay for the miscreant's failure. By using tax money to pay the difference between the attorney's fee that would be reasonable for the individual property owner and the fee needed to actually collect the money from the class of delinquent taxpayers, the county will have less money in the general operating fund for government services. I think Ind.Code § 6–1.1–22–10(a) was written to make sure that those who failed to pay their taxes paid all of the costs of collecting the money. By using the statutory provision for collection process, the treasurer allowed the property owner to avoid the loss of the property to a tax sale.

I choose to look at the fee arrangement to determine if it is reasonable to the class of property owners as a whole rather than the individual property owner. If the amount an individual owed was small but the effort to collect required many hours' work, I might then say that the fee was proportionately too large. Here, however, the contingency agreement allows a proportional assignment of costs of the total tax collection. The value of determining the reasonableness of the fee as to the class of delinquent taxpayers is that it will encourage tax collection for all parcels of property.

I also note that the same legislative act which provided for the liability of the taxpayer for reasonable attorney's fees in tangible (real and personal) property collection enacted a provision for the collection of reasonable attorney's fees in personal property tax collection.[3] Another panel of this court has recently mentioned a trial court award of attorney's fees in an amount equal to one-third of the delinquent personal property tax, plus a collection fee of ten percent. *White v. Porter County Treasurer,* 671 N.E.2d 1196, 1197 (Ind.Ct.App.1996).

The purpose of property taxes and a consistent collection structure are part of my consideration. Also, I note that there is no provision for the treasurer to pay attorney's fees except as collected from the delinquent tax rolls. If the treasurer were to pay the difference between the individual fee and the fee needed to collect, the treasurer would be required to seek an appropriation from the county council for such fees, further burdening the collection process. I dissent.

---

**3.** Ind.Code § 6–1.1–23–7 *amended by* P.L. 68–1993, SEC. 3. The amended statute reads in relevant part:
    (a) With respect to the collection of delinquent personal property taxes, the county treasurer shall charge the following collection expenses to each delinquent taxpayer:
    . . . .
      (6) Other reasonable expenses of collection, including:
      . . . .
      (C) *reasonable attorney's fees* or court costs incurred:

    (i) in the collection process;
    . . . .
    (b) The fees collected under this section are the property of the county and shall be deposited in the county general fund. The collection expenses incurred in connection with the levy upon and sale of personal property shall be paid from the county general fund without prior appropriation.
(emphasis added).