**VALPARAISO TECHNICAL INSTITUTE, INC., Appellant–Defendant,**

v.

**PORTER COUNTY TREASURER, Appellee–Plaintiff.**

No. 64A04–9601–CV–9.

Court of Appeals of Indiana.

July 15, 1997.

Duane W. Hartman, Margaret M. Loitz, Blachly, Tabor, Bozik & Hartman, Valparaiso, for Appellant–Defendant.

Steven W. Handlon, Margaret A. Williford, Handlon & Handlon, Portage, Gwenn R. Rinkenberger, Valparaiso, for Appellee–Plaintiff.

**OPINION ON REHEARING**

NAJAM, Judge.

**STATEMENT OF THE CASE**

We issue this opinion on rehearing to address petitions filed following our published opinion in *Valparaiso Technical Institute,*

*Inc. v. Porter County Treasurer*, 676 N.E.2d 416 (Ind.Ct.App.1997). The Porter County Treasurer did not prevail in this appeal. However, the Treasurer concurs with our opinion and does not seek a rehearing. Instead, the former attorneys for the Treasurer filed petitions asking that they be substituted or be granted leave to intervene in order to pursue a petition for rehearing in their names.

## PROCEDURAL HISTORY

The Treasurer, originally represented by attorneys Steven W. Handlon and Michael C. Handlon,[1] filed a complaint to recover delinquent real estate taxes, penalties and prejudgment interest from Valparaiso Technical Institute, Inc. (the "Institute"). The Institute stipulated to its liability for taxes and penalties, and the trial court added interest, for a total underlying judgment of $28,758.17. Pursuant to statute, the Institute was also required to pay reasonable attorney's fees incurred in the tax collection. That issue was submitted to the trial court, and the Treasurer obtained a judgment against the Institute including a one-third "contingent fee" added to the underlying judgment. All pleadings submitted to the trial court named the Treasurer as the plaintiff.

The Institute appealed from the award of attorney's fees, and the Treasurer authorized Steven W. Handlon to defend the appeal. Handlon then filed a notice of appearance for the Treasurer as the appellee. On February 27, 1997, in the majority opinion we held that the award of attorney's fees under the statute must bear a reasonable relationship to the costs of delinquent property tax collection in the case at hand rather than the capital and overhead of the attorney's real property tax collection practice as a whole. Thus, we reversed and remanded the case to the trial court with instructions to award reasonable attorney's fees commensurate with the particular judgment.

On February 28, 1997, one day after our opinion was handed down, the Treasurer wrote to Handlon withdrawing the attorney's authorization to represent the Treasurer in any further proceedings in the Court of Appeals or before the Indiana Supreme Court. Handlon then entered a second appearance, this time for himself and his partner. The Handlons also filed a petition to intervene or for substitution of parties and a petition for rehearing. They contend either that they have the right to intervene or that they should be substituted for the Treasurer for the purpose of pursuing a petition for rehearing in this court and possibly a petition to transfer with our supreme court.

A copy of the contract between the Treasurer and the Handlons was attached to the petition for intervention or substitution. That contract was conspicuous by its absence from the record submitted on appeal. *See Valparaiso Technical Inst.*, 676 N.E.2d at 419–20. Under the agreement, the Treasurer has no obligation apart from the recovery to pay attorney's fees or any other collection expenses.[2] That fact was not discernable from the record submitted to our court, and Judge Chezem's dissent rested largely upon her understanding that public funds were at risk for payment of the delinquent tax collection attorney's fees.

The Institute did not submit a response to the Handlons' petitions.[3] However, the Treasurer, now represented by County Attorney Gwenn R. Rinkenberger, challenged Steven W. Handlon's appearance. The Treasurer also filed a reply in opposition to the Handlons' petition for intervention or substitution and moved to strike the petition for

---

1. The two attorneys practice law in Porter County under the firm name of Handlon & Handlon.

2. The contract states that the lawyers are independent contractors. It also provides:
   The lawyers' attorneys' fees shall be payable only by the delinquent taxpayers, *in addition to* the Taxes, pursuant to Indiana law (Ind.Code § 6–1.1–22–10). These fees are customarily one-third (⅓) of the Taxes (with a $150.00 minimum), but if a delinquent taxpayer disputes the amount, the matter will be decided by the judge of the court in which the case is pending. The costs, including legal fees recoverable in any action, shall be paid to the attorneys from the recovery and not from any additional appropriation from the General Fund of Porter County.

3. The Institute did participate in the oral argument held on June 10, 1997.

rehearing because the attorneys no longer represent the Treasurer.

### 1. Intervention—Trial Rule 24(A)

■ The Handlons first seek intervention under Indiana Trial Rule 24(A), intervention of right, which states in relevant part:

Upon timely motion anyone shall be permitted to intervene in an action:

\* \* \* \* \* \*

(2) when the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.

T.R. 24(A)(2). Intervention after judgment is disfavored, but extraordinary and unusual circumstances will warrant granting such a request. *Board of Comm'rs of Benton County v. Whistler,* 455 N.E.2d 1149, 1153 (Ind.Ct. App.1983).

■ The Handlons argue that they own the only legal interest in the attorney's fee award. Thus, they insist, they are the real parties in interest and should be permitted to intervene in this action. We reject the Handlons' argument.

Indiana Trial Rule 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." The rule also states:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action.

T.R. 17(A). Substitution of a real party in interest relates back to the date the initial complaint was filed. *See id.*

Generally, Indiana courts have defined real party in interest to mean the person who is the true owner of the right sought to be enforced. *Hammes v. Brumley,* 659 N.E.2d 1021, 1030 (Ind.1995). Under Indiana Code § 6–1.1–22–10(a), the Treasurer was entitled to a money judgment against the Institute which included reasonable attorney's fees.[4] The statute does not create a separate action for the Treasurer's attorney. Rather, from the inception of this action, the Treasurer was authorized to apply for reasonable attorney's fees in its name. In the language of *Hammes,* the Treasurer is the "true owner" of the right to collect the fees, and the judgment, including attorney's fees, was entered in the Treasurer's name.

The Handlons' entitlement to reasonable attorney's fees is indirect and derivative of the Treasurer's statutory right to recover those fees. *See Alex v. Watt,* 76 A.L.R. Fed. 633 (D.D.C.1984) (attorney in Title VII employment discrimination suit had no right to intervene); *see also Lore v. Sobolevitch,* 675 A.2d 805 (Pa.Commw.Ct.1996) (attorney who represented judge in civil rights suit was not real party in interest and, thus, lacked standing to bring suit); *Brown v. General Motors Corp., Chevrolet Div.,* 722 F.2d 1009 (2nd Cir.1983) (under The Civil Rights Attorney's Fees Awards Act of 1976 prevailing party rather than lawyer is entitled to bring action for attorney's fees). As such, the Handlons have no claim to the fee award independent of the Treasurer, and the attorneys cannot litigate the award separate and apart from the Treasurer.

■ The Treasurer has authorized the attorneys to pursue reasonable attorney's fees in the trial court upon remand. However, under Indiana Code § 6–1.1–22–10(a), the Treasurer is and always has been the real party in interest in the suit seeking payment of legal fees incurred on the Treasurer's behalf. Indiana recognizes the right of a party to be the master of its own lawsuit. 2 WILLIAM F. HARVEY, INDIANA PRACTICE § 24.1, at 394 (1987). One seeking intervention must claim an immediate and direct interest in the proceedings. *Developmental Disabilities Residential Facilities Council v. Metropolitan Dev. Comm'n of Marion Coun-*

---

4. The statute reads:

A person who is liable for property taxes under I.C. 6–1.1–2–4 is personally liable for the taxes and all penalties, cost, and collection expenses, including reasonable attorney's fees and court costs, resulting from late payment of the taxes. IND.CODE § 6–1.1–22–10(a).

*ty, Ind.,* 455 N.E.2d 960, 964 (Ind.Ct.App. 1983). The Handlons' indirect and derivative interest cannot support intervention of right as contemplated by Indiana Trial Rule 24(A).

### 2. Substitution—Trial Rule 25

■ In the alternative, the Handlons ask that they be substituted for the Treasurer as appellees. They contend that substitution is proper because the Treasurer's interest in the attorney's fees was transferred to them under the contract. We must disagree.

Indiana Trial Rule 25(C) allows for the substitution of a person to whom the interest in a matter is transferred. The rule provides in part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

T.R. 25(C).

The Institute is required to pay reasonable attorney's fees associated with the collection of delinquent taxes. IND.CODE § 6–1.1–22–10(a). Liability for those fees runs from the Institute to the Treasurer. The Handlons' right to a fee is derived from their contract with the Treasurer. However, the contract did not assign a right of action against the Institute to the Handlons. Here, the Treasurer remains the owner of the right sought to be enforced. We hold that no transfer of interest occurred and, thus, that no grounds exist for substitution under Trial Rule 25(C).

The Handlons are not entitled to pursue this action in their own names. The Treasurer's motion to strike the second appearance of Steven W. Handlon, as attorney for the Handlons, is granted. The Handlons' petition to intervene or for substitution of parties is denied. Because of our disposition of the petition to intervene or substitute, we need not consider the Handlons' petition for rehearing on the merits.

The petition for rehearing is denied.

CHEZEM and DARDEN, JJ., concur.