**FILED**

Mar 18 2020, 9:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



| | |
|---|---|
| **APPELLANT PRO SE** | **APPELLEE PRO SE** |
| Gregory W. Brown | Tula Kavadias |
| Merrillville, Indiana | Crown Point, Indiana |

I N  T H E

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Paternity of C.B. and S.B. | March 18, 2020 |
| Gregory W. Brown, | Court of Appeals Case No. 19A-JP-1618 |
| *Appellant-Father,* | Appeal from the Lake Superior Court |
| v. | The Honorable Nanette K. Raduenz, Special Judge |
| Kara A. Davis, | Trial Court Cause Nos. 45D06-1504-JP-402 45D06-1504-JP-403 |
| *Appellee-Mother* | |
| *and* | |
| Tula Kavadias, | |
| *Intervenor-Appellee* | |
| Jill Swope, | |
| *Intervenor-Appellee* | |

**Vaidik, Judge.**

# Case Summary

When Kara A. Davis ("Mother") was represented by counsel, she asked the trial court to order Gregory W. Brown ("Father") to pay her appellate attorney fees. Before the court ruled on Mother's request, she fired her attorney. Mother's attorney sought to intervene in order to seek the fees from Father. Mother and Father then filed with the court an agreed order, which provided that Mother withdrew her request for appellate attorney fees from Father and Father agreed to pay a portion of the fees. Despite this agreement, the court allowed Mother's attorney to intervene and ordered Father to pay all of Mother's appellate attorney fees. Father now appeals.

We reverse. An attorney cannot litigate an award of attorney fees "separate and apart" from the client. Accordingly, once Mother withdrew her petition for appellate attorney fees from Father, Mother's attorney was not allowed to seek fees from Father on her own. We therefore reverse the trial court's order and remand this case with instructions for the court to order Father to pay a portion of Mother's attorney fees in accordance with their agreed order. To the extent Mother's attorney is still owed fees, she may seek them from Mother.

# Facts and Procedural History

Mother and Father, who were never married, have two children, C.B. and S.B. ("the children"). In 2015, Father petitioned to establish paternity of the children. Father was represented by counsel, and Mother was represented by

attorney Tula Kavadias from the Crown Point law firm of Kavadias & Associates, P.C. The parties stipulated that Father is the father of the children, and a hearing was eventually held on the remaining issues, including custody and parenting time. On October 30, 2017, the trial court issued an order awarding Mother sole legal and primary physical custody of the children with Father having parenting time. In addition, the court ordered Father to "pay $25,000, over and above any amounts he has already paid, of [Mother's] attorney fees directly to Attorney Kavadias. The Court reduces this amount to judgment in favor of Attorney Kavadias and against [Father]." Appellee's App. Vol. II p. 6.

[4] Thereafter, Father appealed, and Mother cross appealed (hereinafter, "the first appeal"). In January 2018, during the briefing process of the first appeal, Mother filed a petition for appellate attorney fees in the trial court. Appellant's App. Vol. II p. 64. In the petition, Kavadias estimated that the fees and expenses for the first appeal would "exceed $15,000" and asked the court to order Father "to make a preliminary payment toward Mother's appellate co[s]ts and fees." *Id.* at 65. The trial court did not rule on Mother's petition at the time.

[5] In February 2018, while briefing in the first appeal was continuing, Father sought a second appeal (hereinafter, "the second appeal"). *See* 18A-JP-319. Mother filed a motion to dismiss the second appeal, arguing that the interlocutory orders Father was attempting to appeal were not properly before this Court under Indiana Appellate Rule 14. We granted Mother's motion to

dismiss in April 2018. A couple weeks later, Mother filed a second petition for appellate attorney fees (which sought fees for the second appeal) in the trial court. The court did not rule on this petition at the time either.

[6] In October 2018, this Court issued a decision in the first appeal in which we affirmed the trial court's custody and parenting-time rulings and remanded on child-support issues. *See In re C.B.*, 112 N.E.3d 746 (Ind. Ct. App. 2018). Father sought transfer, which our Supreme Court denied.

[7] In March 2019, the trial court held a hearing on, among other issues, Mother's petitions for appellate attorney fees. At the hearing, Kavadias submitted affidavits that (1) Mother owed $35,529.65 for the first appeal and had paid $8,021.25 toward it and (2) Mother owed $3,277.60 for the second appeal but had not paid anything toward it. Ex. Vol. 3, Exs. 15-16. Again, the court did not rule on the fee petitions at the time.

[8] Thereafter, Mother and Kavadias had a falling out, and Mother fired Kavadias. On April 12, Kavadias filed a motion to withdraw her appearance for Mother, which the trial court granted. That same day, Kavadias filed a motion to intervene, which alleged that Kavadias had "no reason to believe that Mother will protect the firm's interests with respect to the several petitions for attorney

fees now pending" and that Indiana Trial Rule 24(A)(2) allowed her to intervene as of right.[1] Appellant's App. Vol. II p. 68.

[9] On May 3, Mother and Father (who was also proceeding pro se at that time) filed a "Verified Agreed Order on All Pending Petitions and Matters." *Id.* at 77. The agreed order covered several topics, including how much Father would pay toward Mother's appellate attorney fees. Specifically, Father agreed to pay $6,500 of Mother's attorney fees for the first appeal and $1,000 of Mother's attorney fees for the second appeal.[2] Mother and Father "agree[d] that these fees are the maximum amount and the entirety of attorney fees for which Father shall be responsible to pay to Tula Kavadias and Kavadias & Associates, P.C." *Id.* at 80. Finally, Mother said that she "dismisses all petitions and motions to further allocate Kavadias' claimed fees." *Id.*

[10] The trial court held a hearing on Kavadias's motion to intervene and the agreed order on May 10. At the hearing, the trial court said that the only problem it

---

[1] Trial Rule 24(A)(2) provides:

> **(A) Intervention of Right.** Upon timely motion anyone shall be permitted to intervene in an action:
>
> * * * * *
>
> (2) when the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.

[2] Father also "agreed" to pay $25,000 in attorney fees (plus interest of $1,287.67) to Kavadias that the trial court ordered on October 30, 2017, and $14,773.90 in attorney fees to Kavadias that a different trial court ordered in a replevin action filed by Mother. Appellant's App. Vol. II p. 79. The trial court's order in this case does not address these fees, as Father has already been ordered to pay them.

had with the agreed order was the part about Kavadias's attorney fees. Tr. Vol. IV pp. 68-69. Mother reaffirmed that she was withdrawing her petitions for appellate attorney fees from Father. Tr. Vol. III p. 148. Kavadias made an additional request for attorney fees for services rendered to Mother for new trial-court matters that arose in the paternity case from October 31, 2017, to March 5, 2019. In June 2019, the court issued an order in which it granted Kavadias's motion to intervene "for the limited purpose of allowing Attorney Kavadias the opportunity to present evidence on the various issues of attorney fees owed to Kavadias & Associates, P.C." *Id.* at 58. The court approved all parts of the agreed order except for the part about Kavadias's attorney fees. Specifically, the court ordered Father to pay "all of Mother's attorney fees and costs incurred for the first appeal," which amounted to $26,908.40, and "all of Mother's attorney fees and costs incurred for the second appeal," which amounted to $3,277.50. *Id.* at 59-60. The court also determined that Mother incurred $19,735.25 in other attorney fees from October 31, 2017 to March 5, 2019, and ordered Father to pay 93%—or $18,353.78—of them.

[11] Father now appeals.

# Discussion and Decision

[12] Father contends that the trial court erred in allowing Kavadias to intervene in the paternity case in order "to pursue her fees against" him. Appellant's Br. p. 24. One seeking intervention pursuant to Trial Rule 24(A)(2) must claim "an

immediate and direct interest in the proceedings." *Valparaiso Tech. Inst., Inc. v. Porter Cty. Treasurer*, 682 N.E.2d 819, 821 (Ind. Ct. App. 1997).

[13] Father argues that Kavadias did not have a right to intervene and request attorney fees from him in her own name. In response, Kavadias cites Indiana Code section 31-14-18-2, which provides, in relevant part:

> (a) The court may order a party to pay:
>
> * * * * *
>
>> (2) a reasonable amount for attorney's fees, including amounts for legal services provided and costs incurred, before the commencement of the proceedings or after entry of judgment.
>
> (b) The court may order the amount to be paid directly to the attorney, who may enforce the order in the attorney's name.

Kavadias believes that this statute gives her the right to pursue attorney fees against Father even though Mother fired her and withdrew her petitions. But this statute only provides that attorneys may **enforce** attorney-fee orders in their own name; it does not authorize attorneys to **request** attorney fees in their own name.

[14] In support of his argument that Kavadias should not have been able to request attorney fees from him in her own name, Father cites *Valparaiso Technical Institute*, which provides that the client—not the attorney—is the "true owner" of the right to recover attorney fees and "the master of its own lawsuit." 682

N.E.2d at 821 (citing 2A William F. Harvey, *Indiana Practice*, § 24.1 (3d ed. 2000)). In her appellee's brief, Kavadias does not acknowledge *Valparaiso Technical Institute*, much less respond to Father's argument.[3] Because the client is the "true owner" of the right to recover attorney fees, the attorney cannot litigate an award of attorney fees "separate and apart" from the client. *Id.*

[15] Here, when Kavadias sought to intervene, the trial court had not yet ruled on Mother's petitions for appellate attorney fees from Father. And before the trial court ruled on Kavadias's petition to intervene, Mother withdrew her petitions for appellate attorney fees from Father. Because Mother was no longer asking the trial court to order Father to pay her fees, Kavadias did not have a right, "separate and apart" from Mother, to request them from Father. The trial court therefore erred by (1) allowing Kavadias to intervene pursuant to Indiana Trial Rule 24(A)(2); (2) ordering Father to pay all of Mother's appellate attorney fees; and (3) ordering Father to pay $18,353.78 of Mother's attorney fees for new trial-court matters that arose in the paternity case from October 31, 2017, to March 5, 2019. Accordingly, we vacate the trial court's June 2019 order and remand this case to the trial court. On remand, the trial court shall approve all parts of the agreed order, including Father's agreement to pay $6,500 of Mother's attorney fees for the first appeal and $1,000 of Mother's attorney fees

---

[3] Instead, Kavadias argues that Mother and Father "sought to limit the award of fees [to her] through their agreed order." Appellant's Br. p. 13. While Mother and Father agreed to limit the amount of attorney fees Father had to pay to Kavadias, the agreed order did not limit Mother's liability to Kavadias.

for the second appeal.[4]  To the extent Kavadias is still owed attorney fees for her services in the paternity case, she may seek them from Mother, her client.

[16]    Reversed and remanded.

Najam, J., and Tavitas, J., concur.

---

[4] In its June 2019 order, the trial court also ordered that Mother and Father were "jointly and severally" liable for the parenting-time coordinator's fees.  Appellant's App. Vol. II p. 62.  However, Mother and Father's agreed order provided for a different payment arrangement.  *See id.* at 78-79.  On appeal, Father argues that the parenting-time coordinator's fees should be paid according to the agreed order.  The parenting-time coordinator did not file an appellee's brief in this case.  On remand, the trial court should order the parenting-time coordinator's fees to be paid according to the agreed order.