MOORE, Judge.
Roy S. Todd appeals from a summary judgment entered in favor of “Discover Bank, Issuer of Discover Card” (“Discov *169 er”), by the Shelby Circuit Court (“the trial court”).
On September 13, 2010, Discover filed a complaint against Todd, claiming that Todd owed it $11,721.03 “by virtue of contract, open account and account stated plus interest pursuant to the terms of the contract,” plus attorney fees. On November 9, 2010, Todd, appearing pro se, filed a motion to dismiss the complaint, asserting that Todd had sent a written request to Discover’s counsel on July 29, 2010, requesting proof of the debt and that Discover had not responded to his request. Todd filed a document in the trial court entitled “Sworn Denial,” which was signed by Todd and notarized; that document stated: “I deny that this is my debt and if it is my debt, I deny that it is still [a] valid debt and if it is a valid debt, I deny the amount sued for in the amount of $11,721.03 is the correct amount.” Also on November 9, 2010, Todd filed an answer denying the allegations in the complaint and asserting a number of affirmative defenses.
On November 30, 2010, Discover filed a motion for a summary judgment. Discover attached to that motion what it asserts is Todd’s “Cardmember Agreement”;[1] itemized statements of Todd’s account with Discover; an affidavit from Discover’s attorney setting forth the amount of the attorney fees sought by Discover; and the affidavit of an account manager for the servicing agent of Discover verifying the records of Todd’s account. Discover filed a response to Todd’s motion to dismiss on December 16, 2010. In that response, Discover asserted, among other things, that it had provided verification of Todd’s debt on or about August 23, 2010. Discover also asserted that Todd had agreed to the terms of his “Cardmember Agreement” through use of his Discover account.
On January 6, 2011, a hearing was held on Discover’s summary-judgment motion and Todd’s motion to dismiss. On that date, in response to Todd’s arguments, the trial court allowed Todd 30 additional days to provide the trial court with proof that his account had been transferred or sold and that Discover no longer owned the account. On January 24, 2011, Todd filed a motion requesting an extension of time to conduct discovery; the trial court entered an order on April 8, 2011, setting a hearing on Discover’s summary-judgment motion on May 12, 2011. At that hearing, in response to Todd’s arguments, the trial court gave Todd an additional 20 days to provide some evidence that Discover had sold his account. The trial court also stated that, if Todd failed to provide such evidence, Discover’s summary-judgment motion would be granted.
On May 24, 2011, Todd filed a “motion for stay of proceedings pending private contractual arbitration,” requesting the trial court to compel arbitration. In that motion, Todd asserted that he and Discover had entered into a written agreement pursuant to which both parties had agreed that all disputes arising between them would be settled by arbitration; Todd attached the “Cardmember Agreement,” which contains an arbitration provision, as an exhibit and requested the trial court to compel arbitration. The trial court denied Todd’s motion for a stay and to compel arbitration on June 23, 2011, after a hearing.[2] On July 18, 2011, Todd filed a mo *170 tion to dismiss for lack of personal jurisdiction, asserting that he was a resident of Jefferson County rather than Shelby County and that the trial court therefore lacked personal jurisdiction over him; he also asserted that Shelby County was an improper venue for the action. Attached to that motion to dismiss, Todd submitted his affidavit, which stated that he resided in Birmingham, which is in Jefferson County, but that he did receive mail at an address in Alabaster, which is in Shelby County, “as a convenience.”
On July 20, 2011, the trial court entered a summary judgment in favor of Discover, which stated:
“This matter came before the court on the 23rd day of June, 2010, on Plaintiff Discover Bank, issuer of Discover Card’s Motion for Summary Judgment pursuant to Rule 56 of the Alabama Rules of Civil Procedure. Upon consideration of said motion and the accompanying proof, it is the opinion of the Court that such is well taken, and there appearing to be no genuine issue of material fact remaining in dispute and that [Discover] being entitled to judgment as a matter of law, it is ORDERED, ADJUDGED and DECREED that [Discovers] Motion for Summary Judgment is hereby granted, and judgment is hereby entered in favor of [Discover] and against Defendant, Roy S. Todd as follows: Principal in the amount of $11,721.08, plus interest which currently totals $0.00, plus attorney fees of $1,758.15, for a total judgment of $13,479.18, plus continuing interest and costs of court. This is a final judgment.”
Also on July 20, 2011, the trial court denied Todd’s original motion to dismiss.
Todd filed a motion to vacate the judgment on August 1, 2011. In that motion, he asserted that the trial court lacked jurisdiction based on Todd’s election to arbitrate under the “Cardmember Agreement.” The trial court held a hearing on Todd’s motion on September 29, 2011, at which Todd asserted that the Alabaster address was his son’s office. The trial court denied Todd’s motion to vacate on October 4, 2011. Todd filed his notice of appeal to this court on November 14, 2011.
Todd raises a number of arguments on appeal. We address those arguments out of order.
Todd argues that the trial court erred by allowing Discover to proceed against Todd without requiring Discover to provide proof of standing. Todd asserts that an affidavit submitted by Discover raises the question whether Discover had standing to bring the present action. The affidavit Todd refers to indicates that DFS Services, LLC, is the servicing agent of Discover. Todd asserts that, based on that affidavit, “[i]t would appear DFS is the real party in interest, since they initiated collection.” See Rule 17(a), Ala. R. Civ. P.;[3] see also Battle v. Alpha Chem. & Paper Co., 770 So.2d 626, 634 (Ala.Civ.App.2000) (“[T]he question whether a party has standing to sue is distinct from whether he or she is the real party in interest. While the real-party-in-interest principle directs attention to whether the plaintiff has a significant interest in the particular action he or she has instituted, *171 standing requires that the plaintiff demonstrate an injury to a legally protected right.”). We note, however, that the affidavit itself makes clear that the debt is owed to Discover. Thus, we reject Todd’s argument that a question of fact exists regarding the real party in interest. Insofar as Todd asserts that, when credit-card issuers sell credit-card accounts receivable, the issuing bank no longer owns those accounts receivable, Todd presented no evidence to the trial court, despite the trial court’s having provided him extensive opportunities to do so, indicating that Discover did not own Todd’s account or that his account had been transferred.
Todd argues that the trial court erred by entering a summary judgment in favor of Discover while his motion to dismiss for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (“the FDCPA”), was pending. Although this is how Todd has framed this argument, we interpret his argument as one that the trial court erred in denying his initial motion to dismiss. Because Todd’s motion to dismiss predated the summary-judgment motion and because any error by the trial court in denying the motion could preclude the effectiveness of any subsequent filings and proceedings, we address this issue out of an abundance of caution. In his motion to dismiss, Todd asserted that Diseover’s attorneys had violated § 809 of the FDCPA by failing to validate Todd’s debt in response to his validation letter and by failing to cease collection activities until such validation was obtained. With regard to the validation of debts, 15 U.S.C. § 1692g.(a) provides, in pertinent part, that,
“[wjithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
“(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector....”
Subparagraph (b) of § 1692g. also indicates that the purpose of this section is to verify to the debtor the identity of the original creditor; indeed, 15 U.S.C. § 1692a.(6) defines a “debt collector,” as used in § 1692g.(a), as a person collecting the debt of another. Discover asserts in its brief to this court that it is not a “debt collector” as defined in § 1692a.(6) but, rather, the original creditor. Moreover, in its response to Todd’s motion to dismiss, Discover asserted that it had provided verification of Todd’s debt on or about August 23, 2010.
Todd cites Spears v. Brennan, 745 N.E.2d 862 (Ind.Ct.App.2001), in support of his assertion that the trial court erred in entering a summary judgment while his motion to dismiss, which asserted that Discover had failed to provide him with verification of his debt, was pending. First, we note that this court is not bound by the opinions of another state. See Ex parte Ted’s Game Enters., 893 So.2d 376, 381 (Ala.2004). Moreover, in Spears, the debt- or had brought a separate action against the creditor’s attorney seeking civil liability under the FDCPA. 745 N.E.2d at 869. In that case, the trial court and the appeals court had available to them the initial communication sent by the creditor’s attorney giving the debtor notice of the debt *172 collection; that communication was quoted in the opinion on appeal. 745 N.E.2d at 868. The record on appeal in the present case, however, does not contain a copy of the letter sent by Discover on or about August 23, 2010. Todd presents that letter as an exhibit to his reply brief to this court and argues that it represents that Discover’s attorneys are debt collectors; however, because that letter is not contained in the record on appeal, we may not consider it. See Quality Living, Inc. v. State Dep’t of Public Health, 711 So.2d 1021, 1026 (Ala.Civ.App.1997).
A “Rule 12(b)(6)[, Ala. R. Civ. P.,] dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.” Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993).[4] We conclude, based on Todd’s failure to present evidence to the trial court indicating that Discover is a debt collector as defined by the FDCPA or that Discover had failed to comply with the FDCPA, that the trial court did not err in denying Todd’s motion to dismiss.
Todd next argues that the trial court erred in denying a stay pending contractual arbitration. The record on appeal does not contain an order denying Todd’s motion to stay or a transcript of the June 23, 2011, hearing on that motion, and there is nothing in the State Judicial Information System indicating that the trial court entered an order denying Todd’s motion. The parties agree, however, that that motion was denied at the June 23, 2011, hearing. See supra note 2.
“Review of a trial court’s denial of a motion to compel arbitration is properly sought through a direct appeal. Rule 4(d), Ala. RApp. P.; A.G. Edwards & Sons, Inc. v. Clark, 558 So.2d 358, 360 (Ala.1990). We apply the de novo standard of review to such appeals. Green Tree Fin. Corp. of Alabama v. Vintson, 753 So.2d 497, 502 (Ala.1999).
“A party seeking to compel arbitration has the burden of proving: (1) the existence of a contract containing an arbitration agreement and (2) that the underlying contract evidences a transaction affecting interstate commerce. Kenworth of Birmingham, Inc. v. Langley, 828 So.2d 288, 290 (Ala.2002). Once those two items have been shown, the burden shifts to the opposing party to present evidence either that the arbitration agreement is not valid or that it does not apply to the dispute in question. Id.”
Jim Walter Homes, Inc. v. Saxton, 880 So.2d 428, 430 (Ala.2003).
Attached to Todd’s motion to stay was a copy of the “Cardmember Agreement,” which, as Todd pointed out in his motion, contains an arbitration agreement and also states: ‘Tour account involves interstate commerce and this provision shall be governed by the Federal Arbitration Act (FAA).” Thus, the burden shifted to Discover to present evidence indicating that the arbitration agreement is not valid or that it does not apply to the present cause of action. Discover did not file a response to Todd’s motion, and, as stated above, there is no transcript of the hearing on the motion in the record on appeal; thus, there is no indication that Discover disputed that a *173 contract containing an arbitration agreement exists and that that contract evidences a transaction affecting interstate commerce. Discover asserts on appeal, however, that Todd substantially invoked the litigation process, waiving his right to arbitrate Discover’s claims.
“ ‘ “It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration. Whether a party’s participation in an action amounts to an enforceable waiver of its right' to arbitrate depends on whether the participation bespeaks an intention to abandon the right in favor of the judicial process, and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration. No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case.”
“ ‘Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala.1995) (citations omitted). The courts will not lightly infer a waiver of the right to compel arbitration; thus, the burden on the party seeking to prove waiver is a heavy one.’
“U.S. Pipe & Foundry Co. v. Curren, 779 So.2d 1171, 1174 (Ala.2000) (emphasis added). Additionally, as this Court has consistently noted: ‘[TJhere is a presumption against a court’s finding that a party has waived the right to compel arbitration.’ Eastern Dredging & Constr., Inc. v. Parliament House, L.L.C., 698 So.2d 102, 103 (Ala.1997). See also Conseco Fin. Corp.-Alabama v. Salter, 846 So.2d 1077, 1080 (Ala.2002)
(‘We note that a presumption exists against a finding that a party has waived the right to compel arbitration.’); Blue Ribbon Homes Super Ctr., Inc. v. Bell, 821 So.2d 186, 191 (Ala.2001) (*We note that there is a presumption against finding that a party has waived the right to compel arbitration.’); Zedot Constr., Inc. v. Red Sullivan’s Conditioned Air Servs., Inc., 947 So.2d 396, 399 (Ala.2006); Blue Cross Blue Shield of Alabama v. Rigas, 923 So.2d 1077, 1093 (Ala.2005); and Lee v. YES of Russellville, Inc., 784 So.2d 1022, 1028 (Ala.2000).
“In order to demonstrate that the right to arbitrate a dispute has been waived, the party opposing arbitration must demonstrate both (1) that the party seeking arbitration substantially invoked the litigation process, and (2) that the party opposing arbitration would be substantially prejudiced by an order requiring it to submit to arbitration. Curren, 779 So.2d at 1174; Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala.1995).”
SouthTrust Bank v. Bowen, 959 So.2d 624, 632-33 (Ala.2006). In Bowen, the Alabama Supreme Court determined that, because “Bowen presented no evidence proving he would be substantially prejudiced, he has failed to meet his ‘heavy burden’ in demonstrating that SouthTrust waived its right to arbitration.” 959 So.2d at 633.
In Southern Energy Homes, Inc. v. Harcus, 754 So.2d 622 (Ala.1999), the Har-cuses sued Southern Energy, asserting claims against it stemming from the Har-cuses’ purchase of a mobile home manufactured by Southern Energy. 754 So.2d at 623-24. Southern Energy moved to compel arbitration based on a provision in the written warranty contained in a “Home Owner’s Manual” delivered with the mobile *174 home; the Harcuses opposed arbitration. Id. at 623-25. A hearing was held, but no transcript of the hearing on the motion was contained in the record on appeal, and there was no indication as to whether the parties had presented testimony or other evidence at the hearing. Id. at 625. The trial court denied the motion to compel arbitration; it made no findings of fact or conclusions of law in its order. Id. Southern Energy appealed the trial court’s denial of its motion to compel arbitration. Id. In remanding the cause to the trial court, the Alabama Supreme Court stated:
“We cannot determine, from the scant record before us, whether the Harcuses agreed, either by ratification or otherwise, to submit their claims against Southern Energy to arbitration. Although the record on appeal contains some evidence, we do not have a sufficient basis to resolve conflicts in that evidence. Therefore, we must remand this case for the trial court to make specific factual findings. On remand, the trial court is to conduct further proceedings and to take evidence as may be necessary, including testimony from such witnesses, by deposition or otherwise, as the parties choose to present. The trial court shall file a return to this remand within 42 days of the date of this opinion. The return to remand shall include a transcript of any proceedings conducted by the trial court on remand, any evidence submitted by the parties, and the trial court’s findings of fact and conclusions of law. See Eubanks v. Hale, 752 So.2d 1113, 1120 (Ala.1999).”
754 So.2d at 626-27.
In the present case, we are similarly charged with determining whether the trial court erred in denying a motion to compel arbitration. Discover asserts that Todd substantially invoked the litigation process, waiving his right to arbitrate Discovers claims. Like in Southern Energy Homes, there is no transcript of the hearing on Todd’s motion to compel arbitration and there is no indication whether evidence was presented at that hearing. Thus, we cannot determine from the record before us, which contains no written order from the trial court and, thus, no findings of fact or conclusions of law regarding its reasoning for denying Todd’s motion to compel arbitration, whether Discover would be substantially prejudiced by an order requiring it to submit to arbitration. Therefore, like in Southern Energy Homes,
“we must remand this case for the trial court to make specific factual findings. On remand, the trial court is to conduct further proceedings and to take evidence as may be necessary, including testimony from such witnesses, by deposition or otherwise, as the parties choose to present. The trial court shall file a return to this remand within 42 days of the date of this opinion. The return to remand shall include a transcript of any proceedings conducted by the trial court on remand, any evidence submitted by the parties, and the trial court’s findings of fact and conclusions of law.”

Id.

Although we are remanding on the arbitration issue, we address Todd’s remaining issues to the extent those issues do not directly attack the entry of the trial court’s summary judgment in favor of Discover but remain relevant regardless of whether the case is submitted to arbitration.
Todd next argues that the trial court violated his due-process rights by allowing the hearing on Discovers summary-judgment motion to continue despite Discover’s failure to produce documentary evidence to Todd. Because this argument relates solely to Todd’s rights in relation to the *175 summary judgment, which may be a nullity depending on the trial court’s actions upon remand, we decline to address this issue.
We interpret Todd’s final argument on appeal as asserting that the trial court erred in failing to transfer the action. Because “[objections to improper venue are waived if not raised in the first responsive pleading,” Den-Tal-Eze Mfg. Co. v. Gosa, 388 So.2d 1006, 1008 (Ala.Civ.App.1980), and because Todd failed to raise the issue of venue in his initial motion to dismiss or in his answer, that objection was waived, and we decline to reverse the trial court’s ruling on this issue.
As stated above, we remand the case to the trial court for the trial court to make factual findings regarding Todd’s motion to stay and to compel arbitration and to conduct further proceedings and to take evidence as may be necessary. The trial court shall file a return to remand within 42 days of the date of this opinion. We affirm as to the remaining issues addressed in this opinion.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS. 
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. We note that the “Cardmember Agreement” is not signed by Todd.

. Although there is no entry in the State Judicial Information System regarding the trial court’s denial of Todd’s motion for a stay and to compel arbitration and although there is no transcript of the hearing on that motion, the parties agree that that motion was denied at the hearing on June 23, 2011. We interpret the trial court’s July 20, 2011, judgment as an implicit denial of Todd’s motion.

. Rule 17(a), Ala. R. Civ. P., provides, in pertinent part:
“Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought."

. To the extent that Todd asserts this issue in regard to the propriety of the summary judgment in favor of Discover, we note that Todd failed to file a response to Discover’s summary-judgment motion and failed to raise any violation of the FDCPA before the trial court at the January 6, 2011, hearing or the May 12, 2011, hearing on Discover’s summary-judgment motion. Thus, we limit our discussion on this issue to Todd's motion to dismiss.