HANCOCK COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION d/b/a Central Indiana Power, Appellant–Respondent,

v.

CITY OF GREENFIELD, Indiana, Appellee–Petitioner.

No. 93A02–0109–EX–586.

Court of Appeals of Indiana.

May 28, 2002.

David S. Richey, Robert J. Donahue, Parr Richey Obremskey & Morton, Indianapolis, IN, Attorneys for Appellant.

C. Thomas Billings, Williams Cone & Billings, Greenfield, IN, Michael B. Cracraft, Steven W. Krohne, Hackman Hulett & Cracraft, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Hancock County Rural Electric Membership Corporation d/b/a Central Indiana Power ("Central Indiana") appeals the order of the Indiana Utility Regulatory Commission ("IURC") granting the City of Greenfield's ("the City") petition to change its assigned service area.

We affirm.

### ISSUE

Whether the IURC's order was contrary to law.

### FACTS

The City is a municipality located in Hancock County providing electric service to approximately 7,248 customers. Central Indiana is a rural electric cooperative

organized under the Rural Electric Membership Corporation Act providing electric service to approximately 8,600 customers living in Hancock, Hamilton, Madison, and Rush counties.

On March 12, 1999, the City's Common Council approved Ordinance 1999–2. The ordinance annexed approximately 60 contiguous acres that was then within Central Indiana's assigned service area. The ordinance was to take effect on January 2, 2000. No remonstrance was filed challenging the annexation. The ordinance was subsequently published on April 22 and 29, 1999.

On February 23, 2000, the City filed its petition with the IURC seeking to have the annexed 60 acres reassigned to its service area. On November 2, 2000, the IURC held a public hearing. The City presented evidence that the change in the assigned service area was in the public convenience and necessity. Central Indiana was present but did not present any evidence.

On December 13, 2000, Central Indiana filed its brief with the IURC opposing the City's petition. Central Indiana argued that the City's petition was not timely filed. On December 29, 2000, the City filed its response. The IURC issued its final order on August 8, 2001 finding that the City's petition was timely filed and should be granted.

### DECISION

Central Indiana appeals the IURC's order granting the City's petition seeking a reassignment of the sixty acres to its service area. Specifically, Central Indiana argues that the IURC's order was contrary to law because the City's petition was not timely filed under Indiana Code § 8–1–2.3–6(1). Central Indiana asserts that after the annexation became final, the City had 60 days in which to file its petition with the IURC. Therefore, because the City's ordinance would have become final in July 1999, its petition was due sometime in September 1999.

When reviewing an IURC order, we employ a two-tiered standard of review. " 'First, we determine whether the decision is supported by specific findings of fact and by sufficient evidence. Second, we consider whether the decision is contrary to law. A decision is contrary to law when the Commission fails to stay within its jurisdiction and to abide by the statutory and legal principles which guide it.' " *United Rural Elec. v. Indiana Michigan Power,* 716 N.E.2d 1007, 1012 (Ind.Ct.App. 1999) (quoting *Knox County Rural Elec. Membership Corp. v. PSI Energy, Inc.,* 663 N.E.2d 182, 189 (Ind.Ct.App.1996) *trans. denied.*).

The interpretation of a statute is a question of law reserved for the courts. *Spears v. Brennan,* 745 N.E.2d 862 (Ind. Ct.App.2001). Where two statutes seem to be inconsistent but can be rationalized to give effect to both, the Court of Appeals will do so. *Robinson v. Zeedyk,* 625 N.E.2d 1249 (Ind.Ct.App.1993), *trans. denied.*

Our General Assembly has provided for the legislative body of a municipality to annex territory that is contiguous to its boundaries. Ind.Code § 36–4–3–4(a)(1). After the annexation ordinance is adopted and no remonstrance is filed, the ordinance *takes effect* at least sixty days after its publication and filing with the county recorder. Ind.Code § 36–4–3–7(a). However, the ordinance may not *take effect* if adopted in the year preceding a federal decennial census until January 2 of the year in which a federal census is conducted. Ind.Code § 36–4–3–7(b). In addition, when a municipality seeks to change its assigned service area to include the annexed area, Indiana Code § 8–1–2.3–6(1) requires that the municipality file a petition with the IURC within 60 days "after

annexation *becomes final* or lose its right under this subdivision. . . ." (emphasis added).

 Here, Central Indiana argues that the annexation *became final* 60 days after it was published on April 29, 1999. We disagree. The General Assembly has made it clear that annexation ordinances adopted in the year preceding a federal census may not take effect until January 2 of the year of the census. In addition, the General Assembly has clearly established that municipalities that wish to change their assigned service areas to include annexed property must file a petition with the IURC within 60 days of the annexation becoming final. When the General Assembly enacts a statute, "we presume it is aware of existing statutes in the same area. Moreover, statutes relating to the same general subject matter are *in pari materia* and should be construed together so as to produce a harmonious result." *Schafer v. Sellersburg Town Council*, 714 N.E.2d 212, 217 (Ind.Ct.App.1999), *trans. denied.* Construing these statutes together, we hold that an annexation ordinance adopted in the year preceding a federal decennial census may neither take effect nor become final until January 2 of the year the census in conducted. As a result, Ordinance 1999–2 neither took effect nor became final until January 2, 2000. Therefore, the City had 60 days from January 2, 2000 to file their petition with the IURC. Because the City filed their petition on February 23, 2000, the IURC's order finding that it was timely filed was not contrary to law.

Affirmed.

SULLIVAN, J., and BAKER, J., concur.