**BP PRODUCTS NORTH AMERICA, INC., and United States Steel Corporation, Appellants,**

v.

**INDIANA OFFICE OF UTILITY CONSUMER COUNSELOR and Northern Indiana Public Service Company, Appellees.**

No. 93A02–0905–EX–490.

Court of Appeals of Indiana.

July 18, 2011.

James A. Strain, Geoffrey Slaughter, John F. Wickes, Jr., Todd A. Richardson, Joseph P. Rompala, Indianapolis, IN, Attorneys for Appellants.

Michael B. Cracraft, Joseph M. Hendel, Indianapolis, IN, Attorneys for Appellees.

## OPINION ON REHEARING

SHARPNACK, Senior Judge.

We grant rehearing to consider Appellee/Cross–Appellant Northern Indiana Public Service Company's ("NIPSCO") cross appeal, which raises the issue of whether the Indiana Utility Regulatory Commission ("IURC") erred when it determined that Appellant/Cross–Appellee BP Products North America, Inc. ("BP"), was not a public utility with respect to the furnishing by it of natural gas it purchased from NIPSCO to Marsulex.

In our Opinion of April 25, 2011 ("Opinion"), we declared the cross appeal issue to be moot as a result of our resolution of the other issues on appeal. *BP Prods. N. Am., Inc. v. Ind. Office of Util. Consumer Counselor,* 947 N.E.2d 471, 473 n. 1 (Ind. Ct.App.2011). That was an incorrect conclusion. We should have considered the issue then, and we do so now. On this issue we reverse the IURC and remand. On all other issues we reaffirm our decision as set forth in the Opinion.

The Opinion sets forth the factual and procedural history of the case. *See id.* at 473–74. The facts relevant to NIPSCO's cross appeal are as follows. BP's refinery in Whiting, Indiana, covers approximately 1400 acres. Marsulex is a tenant at the refinery. Marsulex owns and operates a Sodium Bisulfite unit ("SBS unit") and an acid loading/unloading rail rack ("Rail Rack"), both of which were formerly owned by BP. The SBS unit and Rail Rack provide materials that are necessary to BP's manufacturing process. BP purchases natural gas from NIPSCO, which NIPSCO delivers to BP's refinery. Once the natural gas arrives at the refinery, BP transmits some of it to Marsulex through pipes owned by BP. Marsulex uses the natural gas to operate the SBS unit. BP provides the natural gas to Marsulex at cost.

When BP filed this action with the IURC, it informed the IURC that it distributed natural gas to Marsulex and asked the IURC to issue any required certificates or permits or, in the alternative, to decline to exercise regulatory authority over BP's provision of services to Marsulex and others. In its May 13, 2009, order, the IURC determined that, with respect to BP's provision of natural gas to Marsulex, BP was not a public utility.

BP appealed the IURC's May 13, 2009, order on grounds unrelated to its distribution of natural gas to Marsulex. NIPSCO, who had not previously been a party to the case, received permission from this Court to intervene in the appeal. While the appeal was pending, BP discovered the existence of an agreement between NIPSCO and a predecessor in interest to BP that was relevant to the case. Consequently, BP obtained this Court's permission to remand the case to the IURC to reconsider its decision in light of the agreement. On remand, NIPSCO received permission to intervene in the IURC proceedings. After considering additional evidence, the IURC issued a June 23, 2010, order that did not alter its prior determination that BP was not a public utility with respect to BP's distribution of natural gas to Marsulex. BP appealed the IURC's order, and NIPSCO pursued a cross appeal.

Our standard of review for NIPSCO's cross appeal is the same as our standard of review for BP's appeal. *See BP,* 947 N.E.2d at 476. First, we determine whether the decision is supported by specific findings of fact and by sufficient evidence. *Hancock Cnty. Rural Elec. Membership Corp. v. City of Greenfield,* 768 N.E.2d 909, 911 (Ind.Ct.App.2002). Second, we consider whether the decision is contrary to law. *Id.* A decision is contrary to law when the Commission fails to stay

within its jurisdiction and to abide by the statutory and legal principles which guide it. *Id.* The interpretation of a statute is a question of law reserved for the courts, and we review such interpretation under a de novo standard. *Ind.-Ky. Elec. Corp. v. Comm'r, Ind. Dep't of Envtl. Mgmt.*, 820 N.E.2d 771, 777 (Ind.Ct.App.2005). If a statute is subject to different interpretations, the interpretation of the statute by the administrative agency charged with the duty of enforcing the statute is entitled to great weight. *Id.* However, an agency's interpretation that is incorrect is entitled to no weight. *Id.*

NIPSCO contends that BP is a public utility for the purpose of distributing natural gas to Marsulex. Before we address the merits of this contention, BP and Appellant/Cross–Appellee United States Steel Corporation ("U.S. Steel") contend that NIPSCO has waived its cross appeal. Specifically, BP and U.S. Steel assert that NIPSCO did not present its cross appeal claim to the IURC before presenting it in this appeal.

■ Generally, a party may not raise an issue on appeal that was not raised in the trial court. *West Bend Mut. Ins. Co. v. 1st Choice Ins. Servs.*, 918 N.E.2d 684, 689 (Ind.Ct.App.2009), *trans. denied.* The crucial factor in determining whether a party may inject what appears to be a new issue into the appeal is whether the opposing party had unequivocal notice of the existence of the issue, and therefore, had an opportunity to defend against it. *Hardiman v. Governmental Interinsurance Exch.*, 588 N.E.2d 1331, 1333 (Ind.Ct.App. 1992), *trans. denied.*

■ In this case, on remand from this Court, NIPSCO presented the following testimony to the IURC:

NIPSCO was not aware that BP was transporting natural gas to Marsulex,

and there was no contractual arrangement between NIPSCO and BP, or tariff provision, that permitted this. NIPSCO believes that the Commission's interpretation of Ind.Code § 8–1–2–87.5(b)(3) is incorrect. NIPSCO would welcome the opportunity to address this issue as part of this remand, but it is not clear whether the scope of the remand is limited solely to issues relating to the resale of electricity.

Remand Tr., Ex. Vol., p. 83. Thus, NIPSCO raised the issue of BP's provision of natural gas to Marsulex in remand proceedings before the IURC. Furthermore, BP had previously notified the IURC that it transmitted natural gas to Marsulex and asked the IURC to issue any "permits or certificates" that may be necessary or, alternatively, to "decline jurisdiction" over "the provision of electricity and natural gas to Marsulex." Appellants' App. p. 49. Having explicitly requested a ruling from the IURC on the issue that is the subject of NIPSCO's cross appeal, BP cannot argue that it lacked unequivocal notice of the existence of the issue and was denied an opportunity to litigate it. We decline to hold that NIPSCO's cross appeal claim is waived.

NIPSCO's cross appeal focuses on Indiana Code section 8–1–2–87.5(b) (1985). That statute provides, in relevant part:

Any person, corporation, or other entity that:

(1) is engaged in the transportation of gas from outside Indiana for direct sale or delivery to any end use consumer or consumers within this state;

(2) is engaged in the transportation of gas solely within this state on behalf of any end use consumer or consumers; or

(3) is an end use consumer engaged in the transportation within this state of gas owned or acquired by such end use consumer for use in this state, other

than transportation on the premises where the gas is consumed;

is a public utility as defined in *section 1* of this chapter and must obtain a necessity certificate from the commission before it may engage in any activities described in this subsection. This subsection does not apply to a gas utility operating pursuant to an indeterminate permit or necessity certificate issued under *section 87* of this chapter, nor to the production, sale, and gathering of natural gas produced in Indiana.

*Id.*

NIPSCO contends that pursuant to subsection (b)(2) of the statute, BP is engaged in the transportation of gas within Indiana on behalf of Marsulex, an end use consumer, and is a public utility. BP and U.S. Steel assert that pursuant to subsection (b)(3) of the statute, BP is transporting natural gas solely on its own premises, where the gas is consumed, and for that reason they conclude that BP is not a public utility.

The parties' dispute requires us to consider our rules of statutory construction. The cardinal rule of statutory construction is to ascertain the intent of the legislature by giving effect to the ordinary and plain meaning of the language used. *Bourbon Mini–Mart, Inc. v. Comm'r, Ind. Dep't of Envtl. Mgmt.*, 806 N.E.2d 14, 20 (Ind.Ct. App.2004); *see also* Ind.Code § 1–1–4–1 (1991) (stating, "[w]ords and phrases shall be taken in the plain, or ordinary and usual, sense"). Accordingly, if the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Bourbon Mini–Mart*, 806 N.E.2d at 20.

■ Indiana Code section 8–1–2–87.5(b) is written in the disjunctive. Therefore, if BP's distribution of natural gas to Marsulex falls under any one of the three subsections of section (b), BP is a public utility

for the purposes of that statute. *See Bourbon Mini–Mart*, 806 N.E.2d at 21 (determining that a statute was written in the disjunctive, and as a result, the appellant needed only to satisfy one of the four subsections of the statute). Here, applying the plain language of subsection (b)(2) to the facts, it is undisputed that BP is engaged in transporting natural gas within Indiana for an end use consumer, Marsulex. Therefore, BP is a public utility as to its transmission of natural gas to Marsulex. Because the subsections are written in the disjunctive, subsection (3) of Indiana Code section 8–1–2–87.5(b) does not affect our analysis. Furthermore, we note that subsection (b)(3) does not apply to the facts of this case because BP is not solely an end use consumer. BP provides natural gas to Marsulex. We conclude that the IURC's decision is contrary to law, and BP is a public utility for the purposes of Indiana Code section 8–1–2–87.5(b).

BP and U.S. Steel argue that a conclusion that BP is a public utility pursuant to Indiana Code section 8–1–2–87.5(b) is inconsistent with the intended effect of the statute because BP's transmission of natural gas to Marsulex is not "a matter of public consequence and concern." Appellants' Reply Br./Cross–Appellees' Response Br. p. 52. We decline to consider the intent behind the statute and related policy considerations. The statute is unambiguous, so we must apply the plain language of the statute without interpretation.

■ BP and U.S. Steel further assert that our application of Indiana Code section 8–1–2–87.5(b) is subject to Indiana courts' interpretation of Indiana Code section 8–1–2–1(a) (2006). We have interpreted Indiana Code section 8–1–2–1(a), which also provides a definition for a "public utility," to include the qualifying phrase

"directly or indirectly to or for the public." *See U.S. Steel Corp. v. N. Ind. Pub. Serv. Co., Inc.*, 486 N.E.2d 1082, 1085 (Ind.Ct. App.1985), *on reh'g, trans. denied.* BP and U.S. Steel reason that the qualifying phrase must also apply to Indiana Code section 8-1-2-87.5(b) and, as a result, BP is not a public utility because it is not providing natural gas to the public. We disagree. When two conflicting statutory provisions appear controlling, the statute dealing with a subject in a specific manner controls over the statute dealing with the same subject in general terms. *Nordman v. N. Manchester Foundry, Inc.*, 810 N.E.2d 1071, 1074 (Ind.Ct.App.2004). Here, Indiana Code section 8-1-2-87.5(b) identifies the circumstances under which an entity that transports natural gas must be considered a public utility. This is a more specific definition than that which appears in Indiana Code section 8-1-2-1(a), so Indiana Code section 8-1-2-87.5(b) controls.

Another panel of this Court has applied Indiana Code section 8-1-2-87.5(b) and reached a similar result. In *U.S. Steel Corp. v. N. Ind. Pub. Serv. Co.*, 2011 WL 2277608 (Ind.Ct.App. June 9, 2011), *petition for reh'g filed*, U.S. Steel provided natural gas to a tenant on its property. U.S. Steel purchased natural gas from NIPSCO and transmitted the gas to the tenant through pipes owned by U.S. Steel. In September 2007, the matter came before the IURC. On May 11, 2010, the IURC issued an order in which it concluded that pursuant to Indiana Code section 8-1-2-87.5(b)(2), BP was a public utility for the purpose of distributing natural gas to its tenant.[1] On appeal, a panel of this Court concluded that Indiana Code section 8-1-2-87.5(b)(2) was not ambiguous and

affirmed the IURC's decision based on a plain reading of the statute. We approve of the reasoning in the *U.S. Steel* case.

For the reasons stated above, we reverse the judgment of the trial court as to NIPSCO's cross appeal and remand for further proceedings consistent with this opinion on rehearing. On remand, BP will be required to obtain a certificate of necessity to continue to provide natural gas to Marsulex. *See* Indiana Code section 8-1-2-87.5(b).

Reversed and remanded.

VAIDIK, J., and BRADFORD, J., concur.

---

1. By contrast, in the current case, the IURC determined that BP was not a public utility for the purpose of distributing natural gas to Marsulex. It is unclear why the IURC changed its interpretation of Indiana Code section 8-1-2-87.5(b)(2) in the *U.S. Steel* case.